UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Fuan Leercon Electronic Co., Ltd. d/b/a LEERCON,<br><br>    Plaintiff,<br><br>    v.<br><br>Hyper Ice, Inc. and Hyperice IP Subco, LLC,<br><br>    Defendants. | Case No.: 1:25-cv-02183<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

Plaintiff Fuan Leercon Electronic Co., Ltd., which does business as LEERCON ("Plaintiff"), brings this complaint against Defendants Hyper Ice Inc. and Hyperice IP Subco, LLC (collectively "Defendants" or "Hyperice") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff requests this relief because Defendants recently accused Plaintiff of patent infringement. Plaintiff and Defendants both sell products through Amazon.com. Defendants recently filed a report with Amazon against Plaintiff, alleging that Plaintiff's Deep Tissue Mini Massage Guns ("Plaintiff's Massage Guns")

1

infringe U.S. Patent No. 12,213,933 ("the '933 Patent") (Attached as Exhibit A). Plaintiff received a notice from Amazon regarding this report on February 12, 2025 (Attached as Exhibit B.) Under Amazon's intellectual property notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve the claim with the patent owner (i.e., Defendants). The parties are unable to reach a compromise. Also, Plaintiff does not want to participate Amazon's APEX program because, for example, Amazon's APEX program does not consider issues of patent invalidity; it only considers infringement questions.

3. An actual justiciable controversy exists between Plaintiff and Defendants that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the '933 patent or other intellectual property rights, of Defendants under U.S. or applicable state law.

4. An actual justiciable controversy exists between Plaintiff and Defendants that warrants the issuance of a judgment declaring that the '933 patent is invalid.

5. Defendants' intended assertion of claims of patent infringement based on Plaintiff's products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendants. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the '933 patent.

2

## THE PARTIES

6. Plaintiff, Fuan Leercon Electronic Co., Ltd., is a foreign company organized under the laws of the People's Republic of China. Plaintiff maintains a place of business at Unit 1, Building 2, 317 Shiji Avenue, Fuan City, Fujian Province, China. Plaintiff does business as LEERCON on Amazon.com.

7. Upon information and belief, Defendant Hyper Ice, Inc. is a corporation organized under the laws of the State of California and does business in all 50 of the United States, including Illinois.

8. Upon information and belief, Defendant Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware. Hyperice IP Subco, LLC is a wholly owned subsidiary of Hyper Ice, Inc. Upon information and belief, and based on contentions by Defendants in their report filed with Amazon, Hyperice IP Subco, LLC claims to own the '933 Patent by assignment.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendants since, on information and belief, Defendants directly target business activities toward customers in all 50 of the United States, including Illinois, through at least the fully interactive ecommerce storefronts on Amazon.com.

In addition, Defendants have directed their patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '933 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendants' allegations that Plaintiff has infringed the '933 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

## GENERAL ALLEGATIONS

11. The '933 Patent is entitled "Massage Device With a Releasable Connection For a Massaging Head" and names Philip C. Danby and John Charles Danby as inventors. According to the face of the '933 Patent, it was issued February 4, 2025, and Defendant Hyperice IP Subco, LLC is the assignee.

12. Defendants arrange for the manufacture of, offer for sale, and sell massage devices.

13. Defendants offer for sale and sell some of their massage devices on Amazon. Defendants also offer for sale and sell some of their massage devices on their website, hyperice.com. Defendants also sell some of their massage devices to retailers in Illinois, which then resell them to Illinois residents.

14. Plaintiff also arranges for the manufacture of, offers for sale and sells massage devices via Amazon.com, including the Deep Tissue Mini Massage Gun

4

consisting of at least ASIN: B0DFT8Q2MF, B0DFTHQ3Z4, and B0D1NZGMXS ("the ASIN-in-question").

15. None of the Plaintiff's Massage Guns (or any other of Plaintiff's products) infringe the claims of the '933 Patent.

16. On or around February 12, 2025, Defendants reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

17. That same date, in response to Defendants' Amazon report, the Amazon marketplace notified Plaintiff that its Massage Guns would be removed under the pretext that the ASIN-in-question may infringe the '933 Patent if Plaintiff is unable to resolve the claim directly with Defendants, if Plaintiff chooses not to participate in Amazon's APEX program, or if Plaintiff does not challenge the infringement claim in court.

18. Defendants' course of conduct is not warranted under law, has anti-competitive effects on the market, and restrains Plaintiff's ability to compete fairly.

19. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Massage Guns do not infringe the '933 Patent because none of the Massage Guns possess all the elements and limitations of any claim of the '933 Patent.

## COUNT I

**Declaratory Judgment that the '933 Patent is Invalid**

20. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

21. One or more claims of the '933 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§101 et seq. (including sections 101, 102, 103, and/or 112) and/or because Defendants engaged in fraud, inequitable conduct, or violated their duty of disclosure in obtaining the '933 Patent.

22. An actual, continuing and justiciable controversy exists between Plaintiff and Defendants as to whether the '933 Patent is valid based on Defendants' allegations to Amazon that Plaintiff's Massage Guns infringe the '933 Patent.

23. Plaintiff has been injured and damaged by Defendants' allegations of infringement and could be further harmed by future allegations of infringement to Amazon or other third parties.

24. Plaintiff therefore seeks a declaration that the claims of the '933 Patent are invalid.

**COUNT II**

**Declaratory Judgment that Plaintiff's Massage Guns Do Not Infringe the '933 Patent**

25. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

26. An actual, continuing and justiciable controversy exists between Plaintiffs

6

and Defendant concerning the non-infringement of the '933 Patent by Plaintiff's Massage Guns, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

27. Plaintiff's Massage Guns do not infringe any of the presumably valid claims of the '933 Patent, as the Massage Guns fail to meet one or more elements of the independent claim 1 of the '933 Patent.

28. For example, the limitations of claim 1 of the '933 Patent comprise "a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system allows a proximal end of the first massaging head to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed." See Exhibit A, at 10: 8-13. The quick-connect system should be construed as a mechanism that uses magnets to quickly connect and disconnect the massaging head with the bore. However, Plaintiff's Massage Guns do not meet such a mechanism that uses magnets, whether literally or under the doctrine of equivalents. In addition, Plaintiff's Massage Guns also do not meet such a mechanism that the piston reciprocates the predetermined stroke length at the first speed, whether literally or under the doctrine of equivalents.

29. Thus, *inter alia*, Plaintiff's Massage Guns have entirely different structures and do not meet the limitations of claim 1 of the '933 Patent.

30. Likewise, since the sole independent claim 1 is not infringed, neither are dependent claims 2-15. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552-1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which

7

it depends is not infringed).

31. Defendants' baseless infringement reports on the Amazon platform have caused an imminent and real threat of an infringement lawsuit. Pursuant to the Declaratory Judgment Act, Plaintiff's request a judicial determination and declaration that the Massage Guns do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '933 Patent

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '933 Patent is not infringed by Plaintiff.

2. Declaratory judgment that all of claims of the '933 Patent are invalid.

3. An injunction against Defendants and their officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

   A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

   B. Requiring that Defendants provide written notice of the injunction to all enjoined parties.

4. Judgment that this case is exceptional under 35 U.S.C. § 285 due to Defendants' anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Accused Products infringe, despite them not actually infringing.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this

8

action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendants be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Date: March 2, 2025

Respectfully Submitted,

/s/ Weilian Song

Weilian Song
(ILND Bar No. 1122841)
XYZ Law Firm, LLP
2131 9th St NW, Unit 1-565
Washington, D.C. 20001
will@xyziplaw.com
*Attorney for Plaintiff*